Douglas E. Dexter (State Bar No. 115868)
ddexter@fbm.com
Chandra S. Andrade (State Bar No. 271769)
candrade@fbm.com
Kevin L. Jones (State Bar No. 324068)
kjones@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
AMAZON.COM SERVICES LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY FENTON, an individual<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AMAZON.COM SERVICES, LLC, a limited liability corporation; ROBERT (sued herein as DOE 1), FABIAN (sued herein as DOE 2), RUDY (sued herein as DOE 3), and DOES 4-100, inclusive,<br><br>　　　　　Defendants | Case No.<br><br>**DEFENDANT AMAZON.COM SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(b)**<br><br>[SAN JOAQUIN COUNTY SUPERIOR COURT, CASE NO. STK-CV-UOE-2023-0000364]<br><br>Date Action Filed: January 18, 2023 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF BARRY FENTON:

PLEASE TAKE NOTICE that Defendant AMAZON.COM SERVICES LLC[1] ("Amazon"), pursuant to 28 U.S.C. § 1441(b), hereby removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of San Joaquin.

---

[1] Although Plaintiff names "AMAZON.COM SERVICES, LLC" as a defendant in this action, Amazon assumes that Plaintiff meant to name "AMAZON.COM SERVICES LLC" and files this notice of removal on that entity's behalf.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT AMAZON.COM SERVICES LLC'S
NOTICE OF REMOVAL

43277\15293723.3

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2023, Plaintiff BARRY FENTON ("Plaintiff") filed a civil complaint in the Superior Court of the State of California, County of San Joaquin, entitled *Barry Fenton v. Amazon.com Services, LLC*, Case No. STK-CV-UOE-2023-0000364. A true and correct copy of the Complaint, together with its Civil Case Cover Sheet, is attached at **Exhibit A** (hereinafter the "Complaint"). On January 27, 2023, Plaintiff filed a First Amended Complaint adding three fictious Doe Defendants by first name only, "Robert," "Fabian," and "Rudy." A true and correct copy of the First Amended Complaint is attached at **Exhibit B** (hereinafter the "FAC").

In his FAC, Plaintiff alleges five causes of action: (1) Sexual Orientation Harassment; (2) Disability Harassment; (3) FEHA Retaliation; (4) Labor Code Retaliation; and (5) Failure to Prevent Discrimination and Harassment. *See* **Exh. B**. Plaintiff seeks actual, compensatory, special, and general damages; attorney's fees; civil penalties; and prejudgment and post-judgment interest. *See* **Exh. B** at p. 11.

On January 19, 2023, Amazon was served with Plaintiff's Complaint. On February 2, 2023, Amazon was served with the FAC. On February 17, 2023, Amazon answered Plaintiff's FAC in state court. *See* **Exhibit C** (Amazon.com Services LLC's Answer to Plaintiff's First Amended Complaint).

## II. THE NOTICE OF REMOVAL IS TIMELY

This Notice of Removal has been timely filed within thirty (30) days after "service on that defendant of the initial pleading." *See* 28 U.S. §1446(b)(2)(B).[2]

## III. THIS COURT HAS DIVERSITY JURISDICTION

This case is removable because this Court has original jurisdiction based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"). First, Plaintiff and Amazon are

---

[2] Thirty days after January 19, 2023 is Saturday, February 18, 2023. Pursuant to the Federal Rules of Civil Procedure, the time period to file this Notice of Removal is therefore extended to the next day that is not a Saturday, Sunday, or court holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

1  citizens of different states.[3]  Plaintiff alleges that, at all relevant times, he was employed by

2  Amazon at its warehouse in Stockton, California.  *See* **Exh. B** at ¶ 10, p. 3.[4]

3       Amazon.com Services LLC is not a citizen of California.  For purposes of diversity

4  jurisdiction, "a limited liability corporation is a citizen of all of the states of which its

5  owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894,

6  899 (9th Cir. 2006).  Under 28 U.S.C. § 1332(c), a corporation "shall be deemed to be a citizen of

7  every State and foreign state by which it has been incorporated and of the State or foreign state

8  where it has its principal place of business[.]"  Amazon.com Services LLC's only member is

9  Amazon.com Sales, Inc., which is a Delaware corporation with its corporate headquarters and

10 principal place of business in Washington.  *See* **Exh. E** (Washington Secretary of State Annual

11 Report for Amazon.com Sales, Inc. listing principal office in Seattle, Washington and

12 incorporation in Delaware).  Amazon.com Sales, Inc. is a wholly owned subsidiary of parent

13 company Amazon.com, Inc, a Delaware corporation with its corporate headquarters and principal

14 place of business in Washington.  *See* **Exh. F** (Washington Secretary of State Annual Report for

15 Amazon.com, Inc. listing principal office in Seattle, Washington and incorporation in Delaware).[5]

---

[3] Plaintiff names three fictitious defendants in his FAC.  However, these fictitious defendants are inapposite with respect to determining diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1322(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[T]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

[4] Though Plaintiff fails to allege his residence in the FAC, his sole geographical references are to Stockton, California and San Joaquin County, California.  *See* **Exh. B** at ¶¶ 3-10, pp. 2-3.  Moreover, Plaintiff provided a California address to receive his wage statements throughout his employment.  *See* **Exh. D** (Plaintiff's final wage statement from February 23, 2022 indicating a home address in Stockton, California).

[5] Likewise, at all relevant times, Amazon.com Services LLC's corporate headquarters and principal place of business has been in Seattle, Washington, and Amazon.com Services LLC is now and has been organized under the laws of the State of Delaware.  *See* **Exhibit G** (California

1  Thus, diversity of citizenship exists.

2  In addition, the amount in controversy exceeds $75,000.  Though Amazon denies that
3  Plaintiff is entitled to any damages, Plaintiff seeks general damages, special damages, punitive
4  damages, attorney's fees, and more.  *See* **Exh. B** at p. 11.  California federal courts have routinely
5  found that the amount-in-controversy requirement is satisfied in cases with similar claims.  *See,*
6  *e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032, 1035 (N.D. Cal. 2002) (amount-in-
7  controversy requirement satisfied in employment discrimination case seeking compensatory
8  damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees);
9  *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *1 (N.D.
10 Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case
11 seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and
12 attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL
13 589853, at *1–2 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in
14 disability discrimination case seeking lost earnings, emotional distress and punitive damages, and
15 attorneys' fees).  Thus, removal is proper based on this Court's diversity jurisdiction.

16 **IV.    VENUE IS PROPER IN THIS COURT**

17 Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the
18 district courts of the United States have original jurisdiction, may be removed by the defendant or
19 the defendants, to the district court of the United States for the district and division embracing the
20 place where such action is pending."  This Court embraces the Superior Court of the State of
21 California for the County of San Joaquin, which is where Plaintiff's Complaint was originally
22 filed.  Accordingly, this Court is the appropriate court to which to remove this action.

23 / / /
24 / / /
25 / / /
26
27 Secretary of State Statement of Information for Amazon.com Services LLC listing principal office
28 in Seattle, Washington and organized under Delaware law).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANT AMAZON.COM SERVICES LLC'S
NOTICE OF REMOVAL                                    4                                    43277\15293723.3

## V. NOTICE OF REMOVAL

Amazon will promptly provide written notice of this Notice of Removal to Plaintiff, and will also file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Joaquin.

## VI. CONCLUSION

As detailed above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1441(b). Having fulfilled all statutory requirements, Amazon removes this action from the Superior Court of California, County of San Joaquin to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: February 21, 2023          FARELLA BRAUN + MARTEL LLP

By:   */s/ Chandra S. Andrade*
      Chandra S. Andrade

Attorneys for AMAZON.COM SERVICES LLC