# EXHIBIT A

**MAYALL HURLEY P.C.**
**VLADIMIR J. KOZINA (SBN: 284645)**
vjkozina@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

Electronically Filed
Superior Court of California
County of San Joaquin
2023-01-18 11:32:38
Clerk: Bernique Mimmitt

Case Management Conference
2023-07-17 8:30AM in 11B

**Attorneys for Plaintiff Barry Fenton**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

| | |
|---|---|
| **BARRY FENTON, an individual,** | **Case No.:** STK-CV-UOE-2023-0000364 |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR:** |
| **vs.** | **1. SEXUAL ORIENTATION HARASSMENT** |
| **AMAZON.COM SERVICES, LLC, a limited liability corporation, and DOES 1-100, inclusive,** | **2. DISABILITY HARASSMENT**<br>**3. FEHA RETALIATION**<br>**4. LABOR CODE RETALIATION**<br>**5. FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT** |
| **Defendants.** | **JURY TRIAL DEMANDED** |

Plaintiff Barry Fenton brings this action against Defendants Amazon.com Services, LLC, and Does 1-100 for violations of the California Fair Employment and Housing Act and the California Labor Code.

## PARTIES

1.      Barry Fenton ("Fenton" or "Plaintiff") is and was at all times relevant herein an individual and was an employee as defined by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

2.      Amazon.com Services, LLC ("Amazon") is and was at all times relevant herein a limited liability corporation doing business in California, and was an employer as defined by the FEHA and the California Labor Code.

3.      Amazon and Does 1-100 are collectively referred to herein as Defendants.

4.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sue such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## VENUE AND JURY TRIAL DEMAND

6.      Venue is proper in this Court because unlawful acts as to Plaintiff alleged herein took place in San Joaquin County.  Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

7.      Plaintiff was employed by Amazon from approximately January 10, 2022, through February 19, 2022, at Amazon's Stockton, California warehouse as a non-exempt, hourly warehouse employee.

8.      During all times relevant herein, Plaintiff suffered (and continues to suffer) from stress, anxiety, and bipolar disorder which was diagnosed in approximately 2016 and which constitutes a disability within the meaning of the FEHA.

9.      Plaintiff has treated his disability with prescription medication that he was required to take at times during his work shifts with Amazon.

10.     Plaintiff's condition manifests itself physically through occasional, but noticeable, tics that were a side-effect of his medication.

11.     Throughout his employment with Amazon, Plaintiff was qualified for his position with or without reasonable accommodation.

12.     Plaintiff is bisexual and has a visible rainbow star tattoo on his arm observable and which was observed by his co-workers and supervisors.

13.     Beginning early in his tenure with Amazon, Plaintiff was repeatedly harassed because of his disability and sexual orientation principally by three co-workers, "Robert", "Fabian", and "Rudy."

14.     On nearly a daily basis, these three co-workers berated Plaintiff using derogatory terms including "faggot", "chub", "homo", "queer", "dick sucker", and "mental retard."

15.     On at least one occasion, these co-workers approached Plaintiff and asked if he did drugs, offering to partake in drug use with him, including smoking marijuana.  Plaintiff responded that he was a recovering drug addict and did not engage in recreational drug use.

16.     Having observed Plaintiff take his prescription medication at work, his co-workers ridiculed him saying, "You can take your drugs, but you can't take ours?"

17.     Plaintiff's co-workers also threatened that if Plaintiff reported their conduct toward him to anyone, that they would follow him home, and told him they knew what vehicle he drove.

18.     The harassment by Plaintiff's co-workers was both severe and pervasive and was on the basis of Plaintiff's sexual orientation and his disability.

19.     Shortly after the harassment started, Plaintiff reported his co-worker's conduct to his supervisor, "John", who was a Process Assistant for Amazon.  Plaintiff informed John that his co-workers had been calling him a "faggot" and other derogatory names, had ridiculed him for taking his prescription medication at work, and had threatened to harm him if he reported their conduct.

20.     In response, John told Plaintiff not to worry about it and that if the harassment happened again, Plaintiff should tell his co-workers to stop.  John took no further action with respect to Plaintiff's

1  complaint of harassment and the threat to his safety and took no steps to address Plaintiff's co-worker's

2  unlawful conduct.

3      21.    Plaintiff's co-workers' harassment of Plaintiff continued unabated.  Plaintiff's co-

4  workers continued to ridicule him, call him derogatory names, and started to pull "pranks" on him such

5  as hiding his work sweatshirt.

6      22.    Approximately two days after reporting his co-worker's conduct to John, Plaintiff

7  suffered a panic attack at work and spoke with his direct supervisor, "Sylvia" about the harassment he

8  was being subjected to by his co-workers, including that they were calling him "faggot", "retard" and

9  other derogatory names and ridiculed him for taking his prescription medication at work.  Plaintiff

10  requested that Sylvia move him to a different department to get away from his harassers.

11      23.    In response, Sylvia told Plaintiff to contact Amazon's on-site HR representative,

12  "Janet."

13      24.    Plaintiff spoke with Janet and relayed to her the same complaints of harassment he had

14  made to Sylvia and John.  In response, Janet told Plaintiff that he should speak with Sylvia—which he

15  already had done.  Like Plaintiff's supervisors, Janet took no action to address Plaintiff's complaint or

16  the harassment he had reported.

17      25.    The following day, Sylvia moved Plaintiff to a new spot, which was a mere 20 feet away

18  from his prior worksite and completely accessible to his harassers.  Indeed, Plaintiff's harassers

19  continued with their harassment unabated.

20      26.    Plaintiff again complained to Sylvia that he was still being harassed by his co-workers

21  and again requested to be moved to a different department.

22      27.    In response, Sylvia told Plaintiff that, because he was still a probationary employee, she

23  could not move him to a different department and he would need to speak with Janet in HR.

24      28.    That day, Plaintiff spoke with Janet and requested to be moved to a different department

25  to prevent further harassment from his co-workers.

26      29.    Like Sylvia, Janet responded that because Plaintiff was a probationary employee he

27  could not be moved.

28

30.     Two days later, Amazon having done nothing whatsoever to address the harassment to which Plaintiff was being subjected, Plaintiff once again complained to Sylvia about his co-workers' harassing conduct and questioned why nothing was being done to address his complaints.

31.     Sylvia responded by saying to Plaintiff, "If they are not stopping, it's because you are showing them you're weak." Sylvia additionally stated that employment at Amazon was a "numbers game," that she was only concerned with meeting her set productivity quotas, and that she was not going to do anything about the harassing conduct unless she personally observed the harassment herself. Sylvia concluded by telling Plaintiff to go to HR again if he wanted to.

32.     By this time, Amazon having made clear that it would do nothing to address the ongoing harassment to which Plaintiff was being subjected on an ongoing basis, no reasonable person would have continued their employment under those conditions. Plaintiff had no reasonable choice but to leave his employment and was constructively terminated by Amazon.

33.     On the day of his constructive termination, Plaintiff spoke with Janet, telling her that he could no longer handle the harassing environment and lack of any attempt by Amazon to address the harassment and that, as a result, and due to the exacerbation of his existing mental condition Amazon's hostile work environment was causing, he had no choice but to leave his employment.

34.     Plaintiff's employment was constructively terminated on or about February 19, 2022.

35.     Plaintiff is informed and believes that Amazon's HR department falsely reported that Plaintiff was leaving his position for another job opportunity to cover up the harassment and Amazon's failure to prevent same.

36.     Despite the multitude of reports by Plaintiff to his supervisors and HR at Amazon of unlawful harassment, about which Amazon knew or reasonably should have known, Amazon failed to take all reasonable steps to prevent the harassment from occurring.

37.     On September 30, 2022, Plaintiff filed a complaint with the Department of Fair Employment and Housing against Defendants, alleging that Defendants discriminated against, harassed, and failed to prevent discrimination and harassment against Plaintiff in violation of the FEHA. A right to sue notice was issued to Plaintiff the same day, a copy of which was served on Defendants by certified mail on September 30, 2022.

38.     On January 11, 2023, Plaintiff filed an amended DFEH complaint to include allegations that Defendants retaliated against Plaintiff.  A copy of Plaintiff's amended DFEH complaint was served on Defendants by certified mail on January 11, 2023.

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(j)**
**(Sexual Orientation Harassment)**
**Against Defendants**

39.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

40.     The FEHA explicitly prohibits any employer or any other person from harassing an employee because of their sexual orientation.  Gov. Code §12940(j).  The FEHA provides that an employer is strictly liable for harassment by supervisors, even if it exercised reasonable care to prevent harassment.  The FEHA further provides that harassment by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows of the conduct and fails to take immediate and appropriate corrective action.  *Id.*  Moreover, an employee of an entity is also personally liable for any prohibited harassment that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate corrective action.  Gov. Code §12940(j)(3).

41.     Defendants were at all times relevant herein Plaintiff's pursuant to Government Code sections 12926(d), 12940(j)(3), and 12940(j)(4) and were therefore barred from harassing their employees or failing to take immediate and appropriate corrective action in violation of Government Code section 12940(j).

42.     Nevertheless, as set forth above, Defendants harassed Plaintiff on the basis of his sexual orientation in violation of Government Code section 12940(j).

43.     Defendants' conduct, as set forth above, created an abusive and hostile working environment that was sufficiently severe and pervasive as to alter the conditions of Plaintiff's employment in violation of Government Code section 12940(j).  Defendants harassed Plaintiff and/or failed to take immediate and appropriate corrective action.

44.   As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed and requests relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(m)**
**(Disability Harassment)**
**Against All Defendants**

45.   Plaintiff hereby realleges and incorporates by reference each and every allegation set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46.   The FEHA explicitly prohibits any employer or any other person from harassing an employee because of their physical or mental disability.  Gov. Code §12940(j).  The FEHA provides that an employer is strictly liable for harassment by supervisors, even if it exercised reasonable care to prevent harassment.  The FEHA further provides that harassment by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows of the conduct and fails to take immediate and appropriate corrective action.  *Id.*  Moreover, an employee of an entity is also personally liable for any prohibited harassment that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate corrective action.  Gov. Code §12940(j)(3).

47.   Defendants were at all times relevant herein Plaintiff's employer pursuant to Government Code sections 12926(d), 12940(j)(3), and 12940(j)(4) and were therefore barred from harassing their employees or failing to take immediate and appropriate corrective action in violation of Government Code section 12940(j).

48.   Nevertheless, as set forth above, Defendants harassed Plaintiff on the basis of his disability in violation of Government Code section 12940(j).

49.   Defendants' conduct, as set forth above, created an abusive and hostile working environment that was sufficiently severe and pervasive as to alter the conditions of Plaintiff's employment in violation of Government Code section 12940(j).  Defendants harassed Plaintiff and/or failed to take immediate and appropriate corrective action.

50.     As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed and requests relief as hereafter provided.

### THIRD CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(h)
### (FEHA Retaliation)
### Against All Defendants

51.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

52.     Government Code section 12940(h) prohibits an employer from retaliating against an employee for opposing forbidden practices under the FEHA.  Such opposition includes making complaints to a supervisor of what an employee believed in good faith to be violations of the FEHA.  *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028.

53.     As set forth above, Defendants were Plaintiff's employer and retaliated against Plaintiff for his complaints of sexual orientation and disability harassment by permitting, acquiescing to, condoning, and ratifying the harassment suffered by Plaintiff resulting in Plaintiff's constructive termination, which constitutes an adverse employment action for purposes of retaliation claims under the FEHA.  *Kelley v. The Conoco Companies* (2011) 196 Cal.App.4th 191, 212.

54.     As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed and requests relief as hereafter provided.

### FOURTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 1102.5
### (Labor Code Retaliation)
### Against All Defendants

55.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

56.     Labor Code section 1102.5(b) prohibits an employer from retaliating against an employee for having disclosed information to a person with authority over the employee or to

another employee with authority to investigate, discover or correct a violation of or noncompliance with a local, state, or federal rule or regulation.

57.     As set forth above, on numerous occasions, Plaintiff disclosed to his supervisors and Defendants Human Resources representative that he was being harassed in violation of the Fair Employment and Housing Act, i.e., California state law.

58.     Nonetheless, Defendants, who were Plaintiff's employer within the meaning of Labor Code section 1102.5, retaliated against Plaintiff by permitting, acquiescing to, condoning, and ratifying Plaintiff's ongoing harassment resulting in Plaintiff's constructive termination, which acts constitute retaliation for purposes of both the FEHA and Labor Code section 1102.5. *Patten v. Grant Joint Union High School Dist.* (2005) 134 Cal.App.4th 1378 (disapproved of on other grounds in *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703.

59.     As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed and requests relief as hereafter provided.

### FIFTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(k)
### (Failure to Prevent Harassment and Retaliation)
### Against All Defendants

60.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

61.     The FEHA requires an employer to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  Gov. Code § 12940(k).

62.     Defendants at all times relevant herein were Plaintiff's employer pursuant to Government Code section 12926(d) and were therefore required to prevent harassment and retaliation pursuant to Government Code section 12940(k).

63.     Defendants knew or should have known of the harassment and retaliation but did nothing to prevent it.  Instead, Defendants encouraged, permitted and/or acquiesced to the

1  harassment.  Consequently, Defendants failed to take all reasonable steps to prevent the

2  discrimination from occurring in violation of Government Code section 12940(k).

3      64.     As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed

4  and requests relief as hereafter provided.

5                          **PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiff prays judgment against Defendants as follows:

7      1.    That this Court award actual, compensatory, special, and general damages, in an

8            amount yet unknown;

9      2.    That this Court award statutory attorneys' fees and costs, including those available

10           under Government Code section 12965(b) and Labor Code section 1102.5(j);

11     3.    That this Court award a civil penalty of $10,000 pursuant to Labor Code section

12           1102.5(f);

13     4.    That this Court award prejudgment and post-judgment interest according to any

14           applicable provision of law or as otherwise permitted by law, including that

15           available under Civil Code sections 3287(a) and 3289(b);

16     5.    That this Court award such other and further relief as the Court deems just and

17           proper.

18  **DATED:** January 18, 2023                    **MAYALL HURLEY P.C.**

19

20                              By_____

21                                  VLADIMIR J. KOZINA
                                    Attorneys for Plaintiff
22                                  BARRY FENTON

23

24

25

26

27

28

Complaint
Page 10 of 10

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vladimir J. Kozina (SBN: 284645)<br>Mayall Hurley, P.C., 2453 Grand Canal Boulevard, Stockton, CA  95207<br><br>TELEPHONE NO.: (209) 477-3833   FAX NO. *(Optional):* (209) 473-4818<br>E-MAIL ADDRESS: vjkozina@mayallaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Barry Fenton | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN | |
|---|---|
| STREET ADDRESS: 180 E. Weber Avenue<br>MAILING ADDRESS: 180 E. Weber Avenue<br>CITY AND ZIP CODE: Stockton 95202<br>BRANCH NAME: Civil | **Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2023-01-18 11:32:38<br>Clerk: Bernique Mimmitt** |

| CASE NAME:<br>Fenton v. Amazon.com Services, LLC, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | STK-CV-UOE-2023-0000364<br><br>JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more issues that will be time-consuming to resolve     courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence     court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* FIVE (5)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 18, 2023

Vladimir J. Kozina

_____   ▶   _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**